# Hargett v. Parrish.

*Proceedings in Contest of Election.*

1. *Election contest; death of contestee pending appeal; abatement of proceeding.*—Where an election to the office of sheriff is contested, and pending an appeal by contestant from a judgment adverse to him the contestee dies, and the vacancy is filled by appointment, the contestant cannot have the appeal revived against the appointee, and his name substituted for that of the deceased appellee; and there being no statute authorizing such revivor, and the proceeding being purely statutory, the contest is abated by the death of the contestee.

APPEAL from the Probate Court of Franklin.
Heard before the Hon. W. M. WALTRIP.

The facts of the case are sufficiently stated in the opinion.

KIRK & ALMON and BOULTON & SEVIER, for appellant. 1. The contest in this case survives and can be revived or substituted against the contestee's successor in office. By virtue of the statute, section 2600 of the Code of 1886, all actions in this State survive, except those instituted "for injuries to the person and reputation.—Code of 1886, § 2600. The statute further provides that "no action abates by the death or other disability of the plaintiff or defendant, if the cause of action survive or continue; but the same must, on motion, within eighteen months thereafter, be revived in the name of or against the legal representative of the deceased, his successor, or party in interest.—Code of 1886, § 2603.

2. It is also provided by the statutes of this State, that in proceedings under chapter 13, part 3, title 2 of the Code, for *mandamus*, prohibition, *certiorari* and other remedial writs of a supervisory nature, "that if an officer against whom such proceedings are had, should die, or otherwise vacate his office, while the same are pending, whether on appeal or otherwise, the same may be revived against his successor in office in the manner in this chapter provided."—Code of 1886, § 3612. The

contest in this case was against one officer, and notice of the nature of the proceedings, and that a motion would be made at the present term of the Supreme Court to substitute him as the contestee was given to the new sheriff, according to the provisions of section 3163 of the Code of 1886.

3. The statute under which this contest was instituted, provides that the contest shall be tried as in other cases.—Acts, 1894-95, 476, § 10. This provision of the act has reference of course to trial of cases of a similar character. The legal successor of an official party who dies after judgment, should be substituted as appellee, or the successor named in the mortgage as trustee when the original trustee dies, after obtaining judgment of foreclosure from which the appeal is taken.—*Losey v. Rond*, 81 Ind. 510; 2 Encyc. of Plead. & Prac., 202, note.

4. It is evident from the language of sections 2600 and 2603 of the Code, that it was the intention of the law makers, that all actions should survive excepting those "for injuries to the person and reputation," and that the actions should be revived in the name of the legal representative of the deceased, his successor, or party in interest. In the case of *Dumas v. Robbins*, 48 Ala. 545, it was held that where the trustee of an express trust commences an action on a promissory note belonging to the trust estate, and resigns, the action is not thereby abated, but may be revived in the name of his successor.—*Dumas v. Robbins*, 48 Ala. 545. To the same effect are the following authorities: *Ex parte Jones*, 54 Ala. 108; *Morrow v. Taggart*, 45 Ala. 293.

ALMON & BULLOCK & KEY, *contra.*—1. In hearing contests of election, the probate judge sits as a special, limited, statutory tribunal, and from its inception to its conclusion, cannot go beyond the authority expressly given.—*Morrow v. Russell*, 99 Ala. 273; *Turnipseed v. Jones*, 101 Ala. 597; *State v. M. & G. R. R. Co.*, 108 Ala. 29.

2. It was deemed necessary, in the last contest law made for Alabama, to provide that upon the death of contestant, the action does not abate, but said law contains no provision for substitution or revival in the case of contestee's death; hence no such right exists.—Acts

[Hargett v. Parrish.]

of 1892-93, 476-477, § 13 ; *Jones v. Brooks*, 30 Ala. 588 ; *Willis v. Byrne*, 106 Ala. 425.

3. Section 2600 of the Code in no wise covers this case. Actions under said section, and by force thereof, only survive in favor of, or against the personal representative of the deceased, and hence has no application to the contest of an election, because, 1st, A public office is neither a corporeal nor incorporeal heriditament ; is not the property of the individual, alienable or inheritable. 2d. The motion is not to revive against the personal representative of contestee, nor against any one who holds under or through him, but to substitute the name of John W. Hall for that of William L. Parrish, who holds said office by an independent tenure, to-wit, appointment by the Governor of Alabama. Our statutes provide for a contest only where both parties claim by election of the people, and confers no right of contest where contestee holds by appointment.—*Ex parte Lambert*, 52 Ala. 79 ; *Beebe v. Robinson*, 52 Ala. 66 ; *Ex parte Lusk*, 82 Ala. 522 ; Bouvier's Law. Dic.

4. The cause of action did not survive at common law, and unless contestant can point the court to express authority to substitute, no such right exists. Section 2603 of the Code applies alone to cases where the cause of action survives. Sections 2600 and 2603 are limited in effect to courts of common law, and have no application to a special statutory tribunal.—Code of 1886, p. 573 ; *Glenn v. Billingslea*, 64 Ala. 356 ; *Forrester v. Forrester*, 35 Ala. 594 ; *Ex parte Kirtland*, 49 Ala. 403.

McCLELLAN, J.—Hargett instituted and prosecuted to final judgment adverse to himself, a statutory contest of Parrish's election to the office of sheriff of Franklin county. The contestant appealed from that judgment to this court, but before the cause came on to be heard here, the contestee—appellee—died, and one Hall was appointed by the governor to succeed him in the office of sherriff. Motion is now made to revive the appeal against the said Hall and to substitute his name for that of Parrish in this court. And upon that motion the cause is submitted.

The proceeding being purely statutory, no pretense that there could be such revivor or substitution at common law being made, the order sought must find statu-

[Hargett v. Parrish.]

tory authorization, or it cannot be granted. The statute providing for the contest itself provides that a contest does not abate by the death of the *contestant*, but contains no provision in respect of the death of the *contestee*.

Section 2600 of the Code provides that "all actions on contracts, express or implied, all personal actions, except for injuries to the person or reputation, survive in favor of or against the personal representatives." The present is not an action within the meaning of that section ; and if it were, Hall is not the personal representative of the deceased Parrish.

Section 2603 of the Code is as follows: "No action abates by the death or other disability of the plaintiff or defendant, if the cause of action survive or continue ; but the same must, on motion, within eighteen months thereafter, be revived in the name of or against the legal representative of the deceased, his successor, or party in interest ; or the death of such party may be suggested upon the record, and the action proceed in the name of or against the survivor." The contest of an election is not within this section, since it applies only to cases in which the cause of action survives, and the cause of action involved in such contest does not survive at common law, nor is it within either of the sections, 2600, 2601 or 2602, which undertake to declare what causes of action do survive, and all that survive, the death of parties ; nor does the cause by the terms of the contest statute survive the death of the contestee, as we have seen.

Having reference to *mandamus*, prohibition, *certiorari* and other remedial writs of a supervisory nature, section 3162 of the Code provides: "If any officer against whom such proceedings are had should die, or otherwise vacate his office, while the same are pending, whether on appeal or otherwise, the same may be revived against his successor in office, in the manner in this chapter provided." The contestation of an election obviously is not a proceeding for *mandamus*, prohibition, *certiorari*, or other writ of a supervisory nature : it involves the issuance of no writ supervisory of the official acts of officers, to which alone the section last quoted has relation, and is not in form or substance supervisory of the action of any officer or officers ; but is a mere ad-

versary trial of the right of office between two parties, each of whom claims to have been elected thereto.

No other statute has been called to our attention, or exists which bears at all upon the question. As neither the common law nor any statute authorizes revivor against or the substitution of the name of Hall, as appellee in the case, the motion to that end must be denied.

Motion denied.